UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER AVIST**                                **CIVIL ACTION**

**VERSUS**                                           **NO. 24-1185**

**TRAVIS DAY, WARDEN**                               **SECTION: "R" (3)**

### REPORT AND RECOMMENDATION

Petitioner, Christopher Avist, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be deemed an unauthorized "second or successive" petition and **DISMISSED WITHOUT PREJUDICE**.

On November 14, 2019, petitioner pleaded guilty to forcible rape, aggravated crime against nature, two counts of human trafficking, and intentional exposure to the AIDS virus, and he was sentenced that same day. He subsequently filed two state post-conviction applications, both of which were unsuccessful.[1]

In April of 2023, petitioner filed a federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. On April 23, 2024, the undersigned United States Magistrate Judge issued a report recommending that the application be dismissed

---

[1] This procedural history is gleaned from the state court records filed into the federal record of petitioner's first federal habeas corpus proceeding: *Avist v. Day*, Civ. Action No. 23-1419 (E.D. La.). "A court may take judicial notice of related proceedings and records in cases before the same court." *MacMillan Bloedel Ltd. v. Flintkote Co.*, 760 F.2d 580, 587 (5th Cir. 1985).

with prejudice as untimely.[2] Petitioner filed objections, and that matter is pending before the United States District Judge.

On April 29, 2024, petitioner filed the instant federal application.[3] However, as explained *infra*, that new application is an unauthorized "second or successive" habeas corpus petition over which this Court lacks jurisdiction. Therefore, immediate *sua sponte* dismissal is appropriate. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[4]

Before a petitioner files a "second or successive" habeas corpus petition in a district court, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A).

---

[2] *Avist v. Day*, Civ. Action No. 23-1419 (E.D. La. Apr. 23, 2024).

[3] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that the application was placed in the prison mailing system on April 29, 2024. Rec. Doc. 1, p. 9.

[4] In lieu of dismissal, a "second or successive" **may** be transferred to the United States Fifth Circuit Court of Appeals for authorization to proceed. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). However, while such transfers are appropriate, they are not mandatory. *See, e.g.*, *Jacquet v. Cooper*, Civ. Action No. 6:12-cv-0403, 2012 WL 2049951, at *3 (W.D. La. May 9, 2012), *adopted*, 2012 WL 2050085 (W.D. La. June 5, 2012); *see also Evans v. Cain*, Civ. Action No. 12-0614, 2012 WL 6697152, at *11 (E.D. La. Nov. 5, 2012), *adopted*, 2012 WL 6697144 (E.D. La. Dec. 21, 2012). Here, because petitioner's new application is untimely and fails to state a cognizable claim for the reasons explained *infra*, dismissal, rather than the transfer, is more appropriate.

If a petitioner files a "second or successive" petition in a district court without having first obtained the required authorization from the court of appeals, the district court lacks jurisdiction to consider the petition. *Rivers v. Lumpkin*, 99 F.4th 216, 220 (5th Cir. 2024); *Straughter v. Kent*, Civ. Action No. 20-1553, 2020 WL 5056458, at *1 (E.D. La. Aug. 27, 2020).

Based on the United States Fifth Circuit Court of Appeals' unpublished decision in *Mead v. Cain*, 438 F. App'x 340 (5th Cir. 2011), and the interpretation of that decision by two Divisions of this Court, it appears that the instant application may be a "second or successive" petition. In *Mead*, the prisoner had filed two federal habeas corpus petitions challenging the same state court conviction. His first petition, filed in 2003, was initially dismissed as untimely. On appeal, the Fifth Circuit vacated that judgment and remanded the case for further proceedings. *Mead v. Cain*, 243 F. App'x 874 (5th Cir. 2007). While that first petition was still pending before the district court on remand, the prisoner filed a new habeas corpus petition. The district court dismissed that second petition as time-barred. *Mead v. Cain*, Civ. Action No. 08-3173, 2010 WL 3502801 (E.D. La. Aug. 26, 2010). However, on appeal, the Fifth Circuit held:

> If necessary, we must examine the basis of our jurisdiction sua sponte. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Mead's second § 2254 application raised a claim of actual innocence that could have been raised in his earlier application; therefore, the second application was successive. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir.2003).
>
> As a prisoner seeking to file a second or successive § 2254 application, Mead was required to apply for leave from this court. 28 U.S.C. §

3

2244(b)(3)(A). His failure to do so rendered his second application unauthorized, thus depriving the district court of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000). As such, we lack jurisdiction over this habeas appeal. *See id.* at 775. The judgment of the district court is thus VACATED, and the appeal is DISMISSED for lack of jurisdiction.

*Mead*, 438 F. App'x at 341 (emphasis added).

Relying on *Mead*, two Divisions of this Court have since held that when, as here, a petitioner already has a habeas corpus petition pending before the district court, a new petition subsequently filed by that same petitioner challenging that same underlying state court criminal judgment qualifies as "second or successive." *Suggs v. Louisiana*, Civ. Action No. 14-151, 2015 WL 1125277 (E.D. La. Mar. 12, 2015) (Vance, J., adopting a report and recommendation issued by Roby, M.J.); *Sam v. Louisiana*, Civ. Action No. 11-0713, 2011 WL 4460108 (E.D. La. Aug. 26, 2011) (Wilkinson, M.J.), *adopted*, 2011 WL 4460101 (E.D. La. Sept. 27, 2011) (Africk, J.).

Based on the guidance in *Mead*, *Suggs*, and *Sam*, it appears that the instant application, filed while the first application is still pending before the district court, is a "second or successive" petition. Because it was filed without the required authorization from the United States Fifth Circuit Court of Appeals, it should be dismissed *without* prejudice for lack of jurisdiction.

If, however, the United States District Judge determines that this Court has jurisdiction over the instant petition, then the undersigned alternatively recommends that the application be dismissed *with* prejudice for the following reasons.

4

First, it is untimely. As noted, the undersigned previously concluded that petitioner's first federal habeas corpus application filed in April of 2023 was untimely. The instant petition filed in April of 2024 is likewise untimely for the same reasons explained in detail in the pending Report and Recommendation in Civil Action No. 23-1419.

Second, even if the instant application were timely, it would still be subject to dismissal for yet another reason: petitioner's claim is not cognizable on habeas corpus review. Petitioner's sole claim in his instant application is that habeas corpus relief is warranted due to his "[f]actual innocence."[5] However, "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – *not to correct errors of fact." Herrera v. Collins*, 506 U.S. 390, 400 (1993) (emphasis added). Accordingly, "actual-innocence is *not* an independently cognizable federal-habeas claim." *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) (emphasis in original); *accord In re Palacios*, 58 F.4th 189, 190 (5th Cir. 2023); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the application for habeas corpus relief filed by Christopher Avist be **DISMISSED WITHOUT PREJUDICE** for lack of

---

[5] Rec. Doc. 1, p. 4.

jurisdiction because it is a "second or successive" petition filed without the required authorization from the Court of Appeals.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of June, 2024.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**